**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**HAYDEE MELGAR GARCIA and**          CASE NO. _____
**SANTOS SANCHEZ**

**VERSUS**

**MEXICO BRAVO, LLC, NAJI SADEQ and**
**TOMISLAV STOJAK**

**COMPLAINT**

This is an FLSA overtime action brought by Haydee Garcia and Santos Sanchez, former employees of the defendants.

*Defendants*

1.

Made defendants herein and liable unto plaintiffs are the following:

I.    Mexico Bravo, LLC, a Louisiana limited liability company domiciled in the Parish of Livingston, State of Louisiana;

II.    Naji Sadeq, an individual of the full age of majority domiciled, upon information and belief, in the Parish of Livingston, State of Louisiana; and

III.    Tomislav Stojak, an individual of the full age of majority domiciled, upon information and belief, in the Parish of Livingston, State of Louisiana.

*Jurisdiction and Venue*

2.

This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331.

3.

Plaintiffs file this action pursuant to the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA").

4.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2), because all defendants reside within this district, and all events giving rise to this action occurred within this district.

*Plaintiffs*

5.

Defendants employed plaintiff Garcia from approximately November 2018 through July 2020. Plaintiff Sanchez worked for defendants from about September 2017 through August 2020.

6.

During the time period relevant to this lawsuit, plaintiffs were employed as kitchen workers at "Sombrero's Mexican Restaurant" in Walker, Louisiana. Upon information and belief, "Sombrero's Mexican Restaurant" is a trade name for defendant Mexico Bravo, LLC, as plaintiffs were paid and issued IRS form W2s by Mexico Bravo, LLC.

7.

Defendants hired plaintiffs, and controlled and directed the daily activities of plaintiffs. Defendants were plaintiffs' "employers" as that term is defined by the FLSA.

8.

At all times relevant to this action, defendants have been an enterprise with employees engaged in commerce or in the production of goods for commerce, and/or with employees handling, selling, or otherwise working on goods or materials that have been moved in or produced

for commerce by any person. Specifically, plaintiffs used kitchen equipment and machinery manufactured outside the state of Louisiana in the ordinary course of their duties.

9.

Plaintiffs worked, on average, 65 hours per week, but they were not paid overtime as required by the Fair Labor Standards Act. Instead, following each bi-weekly pay period, Defendants would generate a pay stub that showed exactly 80 hours worked by the plaintiffs. Defendants would pay plaintiffs for 80 hours by check through the normal payroll system, and would pay plaintiffs cash, at their regular rate of pay, for hours worked in excess of 80 hours.

10.

The defendants know the exact amount of hours plaintiff worked each week. The precise amount of overtime hours and rates of pay for plaintiff will be presented at the trial of this matter.

11.

Plaintiffs were the non-exempt employees of the defendants under the FLSA.

12.

Defendant Sadeq is the owner of Mexico Bravo, LLC and defendant Stojak is the general manager of Sombrero's Mexican Restaurant. Sadeq and Stojak are responsible for the decision not to pay overtime to the plaintiffs. Defendants Sadeq and Stojak are plaintiffs' "employers," as that term is defined by the FLSA. They are personally liable for the violations of the FLSA complained of herein.

13.

The defendants knowingly and willfully violated the FLSA as an attempt to extract a higher profit margin for their restaurant. Plaintiffs are entitled to recover their unpaid overtime for the three years prior to filing this lawsuit, and are entitled to recover from defendants an equal sum as

liquidated damages, together with reasonable attorney fees, legal interest, costs, as well as to such equitable relief as may be appropriate to effectuate the purposes of the FLSA.

**WHEREFORE,** plaintiffs pray that there be service and citation upon the defendants, and that after all legal delays and proceedings that there be a judgment rendered in favor of the plaintiffs and against the defendants, *in solido*, for accumulated wages at the overtime rate as required by law, and an equal sum as liquidated damages, reasonable attorney's fees, interest on all sums due and owing from the date of judicial demand until paid, and for all costs of this proceeding. Plaintiffs also pray for any and all other relief to which they may be entitled at law or in equity.

Respectfully Submitted:

**ESTES DAVIS LAW, LLC**

*/s/ Daniel B. Davis*
Randall E. Estes (La. Bar Roll No. 22359)
Daniel B. Davis (La. Bar Roll No. 30141)
4465 Bluebonnet Blvd, Suite A
Baton Rouge, LA 70809
Telephone:  (225) 336-3394
Facsimile:   (225) 384-5419
Email: dan@estesdavislaw.com
*Attorneys for Plaintiffs*